IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE KONTONOTAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HYGROSOL PHARMACEUTICAL | : | |
| CORPORATION and | : | |
| SPIRO SPIREAS | : | NO. 07-4989 |

ORDER AND OPINION

JACOB P.  HART                                    DATE:   June 16, 2009
UNITED STATES MAGISTRATE JUDGE

I.      Introduction

In this case as originally filed, plaintiff George Kontonotas ("Kontonotas") sought to

recover from defendants Hygrosol Pharmaceutical Corporation ("Hygrosol"), and Spiro Spireas

moneys he claims are due to him for acting as a broker between the defendants and United

Research Laboratories and Mutual Pharmaceutical Co., Inc. ("URL/Mutual").  He asserted a

claim for breach of contract against Hygrosol, and claims for unjust enrichment/quantum meruit

against both defendants.

Kontonotas now seeks leave to amend his complaint.  He seeks to add as an additional

defendant Sanford Bolton, who is the only Hygrosol shareholder besides Spireas.  He also

intends to add a fraud claim against all defendants, and to seek a finding that all monies received

by defendants from URL/Mutual are to be held in a constructive trust for him.  As explained

below, his motion will be granted in part and denied in part.

II.      Relevant Law

A court may permit the filing of an amended complaint, and leave to amend should be

granted freely when justice so requires.  Fed. R. Civ. Pr. 15(a).  Outright refusal to grant leave to

amend, without any justifying reason, is an abuse of the trial court's discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962).

Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.  Id.; U.S. v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999); In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410 (3d Cir. 1997); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

Here, Defendants argue only that the amendment would be futile.  Futility of amendment means that the amended complaint, if filed, would fail to state a claim upon which relief could be granted, based upon the same standard of legal sufficiency as under Rule 12(b)(6).  In re Burlington Coat Factory Securities Litigation, supra, at 114 F.3d 1434; Breyer v. Meissner, 23 F. Supp.2d 540, 542 (E.D. Pa. 1998).

A claim may be dismissed under Rule 12(b)(6) only if it appears beyond doubt that the plaintiff could prove no set of facts in support of the claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Moreover, as set out in Breyer v. Meissner, although the court is not required to accept legal conclusions made by the party seeking amendment:

> "[T]he court must consider only those facts alleged in the complaint and accept all of the allegations as true."  ALA, Inc. v. CCAIR, Inc., 29 F.3d 885, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L.E.2d 59 (1984)).  The plaintiff is entitled to the benefit of "every favorable inference that can be drawn from those allegations."  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).

23 F. Supp.2d at 542.

III.     Discussion

A.     The Fraud Claim

Kontonotas alleges that the defendants fraudulently represented to him that he would be the only person to receive a commission for revenues URL/Mutual paid to Hygrosol.  Proposed Second Amended Complaint at ¶ 59.  Actually, however, according to Kontonotas, the defendants had previously entered an agreement to pay a commission on this revenue to Robert Abrahams.  Id. at ¶ 62.

The defendants argue that an amendment to add a fraud claim is futile because the claim is not pled with particularity, and fails to set forth a claim upon which relief could be granted in that it omits a number of the elements of fraud.  Under Pennsylvania law, a *prima facie* case of fraud requires: (1) a misrepresentation; (2) a fraudulent utterance; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as a proximate result.  Ellison v. Lopez, 959 A.2d 395 (Pa. Super. 2008).[1]

In a diversity action, however, the federal rules for pleading apply.  See Savage v. Connecticut General Life Insurance Co., Civ. A. 96-1709, 1996 WL 434288 (Jul. 31, 1996). Under the federal rules, a party alleging fraud must state with particularity the circumstances constituting fraud.  Fed. R. Civ. Pr. 9(b).  The Court of Appeals for the Third Circuit has

---

[1]Although this case was filed in Pennsylvania, the agreement between the parties was reached in New York. In a diversity case, Pennsylvania choice of law rules apply.  On Air Entertainment Corp. v. Nat'l Indem. Co., 210 F.3d 146, 149 (3d Cir. 2000).  Under Pennsylvania law, where there is no conflict between the laws of the competing states, Pennsylvania law may be applied.  Ratti v. Wheeling Pettsburgh Steel Corp., 758 A.2d 695, 702 (Pa. Super. 2000).  In New York, the elements of a cause of action for fraud are (a) a material misrepresentation of a fact; (b) knowledge of its falsity; (c) an intent to induce reliance, (d) justifiable reliance by the plaintiff and (e) damages. Eurycleia Partners, LP v. Seward & Kissel, LLP, 2009 WL 1543689 (N.Y. Ct. App. Jun. 9, 2009).  These are essentially the same elements as under Pennsylvania law.

interpreted this to mean that the circumstances of the alleged fraud must be set forth with

sufficient particularity to place the defendant on notice of the precise misconduct with which it is

charged.  Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 188).  To satisfy this standard,

the plaintiff must ordinarily plead the date, time and place of the alleged fraud, but, alternatively,

may otherwise inject "precision or some measure of substantiation" into the fraud allegation.  Id.,

citing Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004).

Here, Kontonotas's fraud pleading is not a model of specificity.  It does not allege the

date, time or place, or even the circumstances in which the alleged fraud took place (i.e., in a

meeting, or a letter, or simply by omission).  Nevertheless, the allegation itself is simple, and set

forward with sufficient specificity to put the defendants on notice of the misconduct of which

they are accused: that they misled Kontonotas into believing he would be the only person to

receive a commission for revenues URL/Mutual paid to Hygrosol.

Further, the elements of fraud could have been set forth more clearly, but they are

discernible in the complaint.  For example, defendants correctly point out that, in support of the

materiality allegation, the complaint does not state that, if Kontonotas known of the arrangement

with Abrahams, he would not have entered an agreement with the defendants.  Instead, it states:

> Defendants' misrepresentations were material.  Had Mr. Kontonotas known that
> defendants promised another person a commission for monies paid from
> URL/Mutual to Hygrosol Pharmaceutical, Mr. Kontonotas would have demanded
> that his agreement with Hygrosol provide that his commission be paid before any
> other person and/or that the agreement expressly provide him a commission of
> 15% of all monies that Hygrosol Pharmaceutical received from URL/Mutual.

Complaint at ¶ 61.

It can, however, be easily inferred that Kontonotas is arguing that he would not have entered the agreement with Hygrosol on the terms which were actually reached, if he had known about the defendants' agreement with Abrahams.

Similarly, the defendants maintain that Kontonotas failed to allege the making of a fraudulent statement, pointing out that fraud only arises "where the misrepresentation is knowingly false, where there is concealment calculated to deceive, or where there is non-privileged failure to disclose."  Bortz v. Noon, 729 A.2d 555, 564 (Pa.1999).  However, as noted above, Kontonotas did allege that the agreement between Hygrosol and Abrahams was made before the agreement between Kontonotas and Hygrosol.  Complaint at ¶ 62.  If the defendants indeed misled Kontonotas into thinking there was no other person entitled to commissions on the URL/Mutual revenues, it would have had to be done with knowledge of the falsity of this representation.[2]  It can also be inferred that this misrepresentation, if it occurred, was made with the intention to induce Kontonotas to enter the agreement with the defendants.

The defendants also maintain that Kontonotas failed to establish justifiable reliance, since "given Plaintiff's vast experience in the industry and Defendants' relative naivete, common prudence and diligence should have led Plaintiff to negotiate the most advantageous contractual terms possible."  Memorandum in Support of Defendants' Response, at 11.  This, however, is a factual argument which cannot be evaluated without reference to evidence beyond the complaint.  Kontonotas' allegation of reliance is sufficient at this stage.  Complaint at ¶ 63.

---

[2]The defendants have informed the court that they deny that the agreement between Hygrosol and Abrahams entitles Abrahams to a commission from the URL/Mutual revenues, and that this issue is now the subject of litigation in the District Court for the District of New Jersey.  This is not a factor in my decision, however, since I must consider only those facts alleged in Kontonotas's compliant, and accept them as true.  Breyer v. Meissner, supra.

Finally, Kontonotas has adequately pled damages resulting from the alleged fraud.  He

has pled that the defendants have refused to pay him any commission for the revenues paid to

Hygrosol by URL/Mutual, and that he is entitled to a 15% commission.  Complaint at ¶ ¶

As a whole, therefore, Kontonotas's fraud claim is adequate to meet the requirements of

Federal Rule 9(b), bearing in mind that the courts are required to grant leave to amend freely,

when justice so requires.  Fed. R. Civ. Pr. 15(a).  Defendants have not even argued that they are

prejudiced by this amendment, and the Court does not intend to let it delay the scheduled trial in

this case.  I will, therefore, permit Kontonotas to add his claim for fraud.[3]

B.      The Request for a Constructive Trust

In New York, the creation of a constructive trust requires a confidential or fiduciary

relationship between the parties.  United States v. Ribandeneira, 105 F.3d 833, 837 n. 5 (2d Cir.

1997).  In Pennsylvania, on the other hand, some form of equitable duty to convey property is

required, but there is no rigid standard for determining whether a constructive trust is appropriate

in a particular case.  Koffman v. Smith, 682 A.2d 1282, 1290 (Pa. Super. 1996).  Generally,

however, an equitable duty to convey property arises in the presence of fraud, duress, undue

influence, mistake or abuse of a confidential relationship.  Id.

In deciding which law to apply, I will follow the approach taken by the Honorable

Stewart Dalzell in his July 21, 2008, Order in this case.  There, Judge Dalzell decided that there

was no real conflict between the laws of unjust enrichment of New York and Pennsylvania,

---

[3]The defendants have also asked the Court to stay this matter pending the adjudication in the previously
referenced New Jersey litigation of whether Abrahams is, indeed, entitled to a commission for Hygrosol's
URL/Mutual revenues.  This request is premature.  No party has alleged that there has yet been any judicial finding
which would impact upon Kontonotas's right to assert a fraud claim in his complaint.

because – although the laws differed – the underlying governmental interest in both states was in protecting the plaintiff.  In this case, with a New York plaintiff, and the alleged conduct taking place in New York, Judge Dalzell decided that New York was the only state which had an interest in seeing its law applied.  Judge Dalzell therefore applied New York law.

Constructive trust is an equitable remedy which, in both New York and Pennsylvania, protects the party seeking to receive funds to which that party is equitably entitled.  The Supreme Court of Pennsylvania has said that the need for a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.  Balazick v. Ireton, 541 A.2d 1130, 1133 (Pa. 1988).  Similarly, in New York, a constructive trust will be imposed where "property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest."  Cabellero v. Anselmo, 759 F. Supp. 144 (S.D.N.Y. 1991).  Thus, even though New York is more restrictive, the equitable right of the party seeking a constructive trust is the essence of the concept.

As with unjust enrichment, therefore, only New York has an interest in seeing its law applied here.  New York law must be applied.  Ironically, however, New York law precludes the finding of a constructive trust in this case.  A fiduciary relationship exists between two persons when one of them is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relation.  Kopelowitz & Co. v. Mann, 2009 WL 1037734 at *8 (N.Y.Sup. Apr. 17, 2009).  It is grounded in a higher level of trust than that normally present between parties involved in arm's length business transactions.  Id.  Kontonotas has not shown, or even pled, a confidential or fiduciary relationship with the defendants.

Accordingly, it would be futile to permit Kontonotas to amend his complaint to seek the remedy of a constructive trust.

C.    Claims Against Sanford Bolton

As noted, Judge Dalzell has already decided that New York law applies to Kontonotas's claim for unjust enrichment. Order of July 21, 2008, ¶ ¶ r-s. In New York, the elements of unjust enrichment are (1) performance of services in good faith; (2) acceptance of the services by the person for whom they were rendered; (3) an expectation of compensation, and (4) the reasonable value of the services performed. Clark v. Torian, 214 A.D.2d 938 (N.Y. App. 3d Dep't. 1995).

The defendants argue that it would be futile to permit Kontonotas to amend his complaint to add an unjust enrichment claim against Sanford Bolton because Kontonotas has not alleged that Bolton received a benefit at his expense. They point to paragraphs 40 and 41 of Kontonotas's complaint, to which Bolton's name has been added, but which still allege only that "Spireas has received millions of dollars." However, in the same paragraph 40, Kontonotas has alleged that he "conferred a substantial benefit upon Spireas and Bolton." He has also alleged: "Spireas and Bolton have been compensated by URL/Mutual in the amount of over $20,000,000 in 2005 alone." Complaint at ¶ 44. This is sufficient to allege that Bolton received a benefit at Kontonotas's expense.

The defendants also maintain that Kontonotas should not be permitted to join Bolton as a defendant because of his undue delay in seeking joinder. However, they have not pointed to any prejudice, delay, or futility which will arise from this amendment, much less bad faith or a dilatory motive on Kontonotas's part. Under these circumstances, leave to amend is appropriately granted.

8

Counsel are reminded that Mr. Bolton must separately consent to trial before a Magistrate

Judge pursuant to 28 U.S.C. § 636(c)(1) in order for the undersigned to retain jurisdiction.

I now enter the following Order.