IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE KONTONOTAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HYGROSOL PHARMACEUTICAL | : | |
| CORPORATION and | : | |
| SPIRO SPIREAS | : | NO. 07-4989 |

ORDER AND OPINION

JACOB P. HART                                                                          DATE:   June 18, 2009
UNITED STATES MAGISTRATE JUDGE

I.   Introduction

In this case, plaintiff George Kontonotas ("Kontonotas") seeks to recover from defendants Hygrosol Pharmaceutical Corporation ("Hygrosol"), and Spiro Spireas amounts he claims are due to him as commissions for acting as a broker between the defendants and United Research Laboratories and Mutual Pharmaceutical Co., Inc. ("URL/Mutual").  (As of the date this motion was filed, Kontonotas had not yet amended his complaint to add Sanford Bolton, co-owner of Hygrosol, as a defendant).

On October 3, 2008, Kontonotas served the defendants with a second set of document requests.  On November 3, 2008, defendants served responses, all of which were objections stated in – for the most part – identical language.  Kontonotas has now moved to obtain the requested documents, and the defendants have opposed his motion.  For the reasons set forth below, Kontonotas's motion will be granted in part and denied in part.

II.   The Disputed Requests

Although the defendants objected to each of the 19 requests, their response in this motion only discusses requests 7-14, and 16.  These ask for:

7. All documents evidencing loans from either Sanford Bolton [a shareholder in Hygrosol] or Spiro Spireas to Hygrosol Corporation.

8. All documents evidencing loans from any family member, relative or friend of either Sanford Bolton or Spiro Spireas, or any business affiliated with Sanford Bolton or Spiro Spireas, to Hygrosol Corporation.

9. All documents evidencing loans from Hygrosol Corporation to either Sanford Bolton or Spiro Spireas.

10. All documents evidencing loans from Hygrosol Corporation to any family member, relative or friend of either Sanford Bolton or Spiro Spireas, or any business affiliated with Sanford Bolton or Spiro Spireas.

11. All corporate records or ledgers evidencing the identity and address of each person who has owned stock in Hygrosol Corporation during the past eleven years, the consideration paid or promised for the stock and the dates on which the consideration was paid or promised.

12. All corporate records or ledgers evidencing the issuance of actual stock certificates at any time since the incorporation of Hygrosol Corporation, to whom they were issued and the dates of same.

13. Copies of corporate records or ledgers evidencing the payment of dividends to any shareholder since the incorporation of Hygrosol Pharmaceutical Corporation, to whom the dividends were paid, the amounts paid and the date(s) of payment.

14. For each bank account maintained in the name of Hygrosol Pharmaceutical Corporation, a copy of the monthly statement for the period beginning 1997 and ending 2008.

16. Copies of the federal tax returns of Spiro Spireas and Hygrosol Pharmaceutical Corporation, including all schedules and attachments for each of the past eleven years.

Kontonotas argues that this material is relevant to his belief that Spireas is an alter ego of Hygrosol, and is therefore individually liable to him for breach of contract. The defendants, however, argue that Kontonotas is simply conducting a fishing expedition designed to explore Hygrosol's finances.

III.    Legal Standards

The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, so long as it is relevant to the claim or defense of any party, unprivileged, and "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1); Hickman v. Taylor, 329 U.S. 495 (1947).

Relevancy is to be broadly construed and is not limited to the precise issues set out in the pleadings.  McCurdy v. Wedgewood Capital Management Co., Inc., Civ. A. No. 97-4304 (E.D. Pa. Nov. 16, 1998).  However, as the defendants have pointed out, "practical considerations dictate that the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."  Id., citing Surety Association of America v. Republic Insurance Co., 388 F.2d 412, 414 (2d Cir. 1967).

The onus is on the party objecting to discovery to state the grounds for the objection with specificity.  Fed. R. Civ. P. 33(b)(4); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996):  "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." Momah, id., citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982).  However, once the objection has been properly articulated, it rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26.  Momah, id.  Then, the party opposing discovery must convince the court why discovery should not be had.  Id.

IV.      Discussion

A.      The Disputed Requests

The parties agree that the requests in dispute are connected to the issue of whether Hygrosol's corporate veil may be pierced so that Spireas, personally, can be held liable to Kontonotas for breach of contract. Hygrosol is alleged to be a Pennsylvania corporation, and issues relating to piercing the corporate veil are therefore governed by Pennsylvania law. Guinan v. A.I. Dupont Hospital for Children, 597 F. Supp.2d 485, 495 (E.D. Pa. 2009).

In Pennsylvania there is a strong presumption against piercing the corporate veil. Lumax Industries, Inc. v. Aultman, 669 A.2d 893, 895 (Pa. 1995). In so stating, the Pennsylvania Supreme Courted cited a decision from the Third Circuit Court of Appeals:

> Any court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception ... Care should be taken on all occasions to avoid making the entire theory of corporate entity ... useless.

Id., citing Zubik v. Zubik, 384 F.2d 267, 273 (3d Cir. 1967).

Kontonotas has not shown the required "specific, unusual circumstances." Indeed, as the defendants point out, even Kontonotas's newly-filed Second Amended Complaint neither asks the Court to pierce Hygrosol's corporate veil, nor does it allege that Spireas (or his co-shareholder, Sanford Bolton) abused the corporate form.

In such circumstances, leave to pierce the corporate veil is not appropriately given. In denying a similar motion to compel discovery, the Honorable Clarence C. Newcomer wrote:

> [The Plaintiff] has failed to make sufficient allegations to warrant discovery into an alter-ego/piercing the corporate veil claim. The Plaintiff has never alleged that piercing the corporate veils of [Defendant's] subsidiaries is necessary to prevent fraud, injustice, illegality, or criminal conduct. ... Consider the failure of [the

> Plaintiff] to properly make these necessary allegations, piercing the corporate veil is not within the subject matter of this case for purposes of Rule 26.

Katz v. Verizon Communications, Inc., Civ. A. No. 01-5627, 2002 WL 31356302 at * 2(E.D. Pa. Oct. 16, 2002).  This decision is not inconsistent with Pennsylvania state law.

It is not enough that Kontonotas has alleged that the Defendants fraudulently induced him to contract with them.  Under the federal law in this Circuit, "the fraud that a court seeks to prevent by employing this doctrine must be fraud facilitated by the use of the corporate form."  Katz v. Verizon, supra.  A factual connection between the abuse of the corporate form and a plaintiff's injuries is also a requirement under New York state law.  Guinan, supra, quoting Matter of Morris v. N.Y. State Dep't., 82 N.Y.2d 135, 603 N.Y.S.2d 807, 623 N.E.2d 1157, 1160 (1993): ("To convince a court to pierce the corporate veil, a plaintiff must establish that '(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury.'").

This has not been articulated as a specific requirement in Pennsylvania state courts.  However, these cases shed some light on what might be considered "specific, unusual circumstances."  See, also, College Watercolor Group v. William H. Newbauer, Inc., 306 A.2d 200, 207 (Pa. 1976) ("The corporate veil is properly pierced whenever one in control of a corporation uses that control or corporate assets to further [his] own personal interests.").

Accordingly, I will deny Kontonotas's motion to compel discovery as it relates to Document Requests 7-14 and 19.  If Kontonotas obtains a judgment against Hygrosol, however, the requests may well be permitted in discovery in aid of execution under Fed. R. Civ. Pr. 69.

5

B.       Document Requests 1-6, 15 and 17-19

The document requests not set forth above seek:

1.       Hygrosol Corporation's articles of incorporation and any amendments thereto.

2.       Hygrosol Corporation's by-laws and any amendments thereto.

3.       Hygrosol Corporation's certificate of incorporation from the jurisdiction in which it is incorporated.

4.       Hygrosol Corporation's notice of incorporation as it appeared when first published.

5.       Minutes of all meetings of shareholders of Hygrosol Corporation.

6.       Minutes of all meetings of Board of Directors of Hygrosol Corporation.

15.      A copy of each document the Defendants contend constitutes an admission on the part of the Plaintiff with regard to the matters which are the subject of this action.

17.      Copies of any reports prepared by experts whom either of the defendants intends to call at trial

18.      Copies of any reports prepared by investigators or consultants for either of the Defendants.

19.      Copies of any exhibits either of the Defendants intends to offer at trial.

Despite the defendants' protestations to the contrary, the responses to these requests were boilerplate, contending, for example, that the request for Hygrosol's articles of incorporation was "too broad." And, as noted, none of these requests was discussed by the defendants in their response to Kontonotas's motion to compel. Thus, the defendants have not convinced the court that discovery should not be had. See Momah v. Albert Einstein, supra. For this reason, I will grant Kontonotas's motion with respect to these requests.

In accordance with the above discussion, I now enter the following: