IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE KONTONOTAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HYGROSOL PHARMACEUTICAL | : | |
| CORPORATION and | : | |
| SPIRO SPIREAS | : | NO. 07-4989 |

ORDER AND OPINION

JACOB P. HART                                                                    DATE:   October 2, 2009
UNITED STATES MAGISTRATE JUDGE

In this case, plaintiff George Kontonotas ("Kontonotas") seeks to recover from defendants Hygrosol Pharmaceutical Corporation ("Hygrosol"), Spiro Spireas and Sanford Bolton amounts he claims are due to him as commissions for acting as a broker between the defendants and United Research Laboratories and Mutual Pharmaceutical Co., Inc. ("URL/Mutual").

Bolton was not added as a defendant until Kontonotas filed his Second Amended Complaint. He now moves to dismiss the action against him for lack of personal jurisdiction. As explained below, his motion will be denied.

I.     Legal Standard

A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state. D'Jamoos v. Pilatus Aircraft, 566 F.3d 94, 102 (3d Cir. 2009). The Pennsylvania long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b). Accordingly, the issue here is whether Bolton has minimum contacts with Pennsylvania such that the maintenance of this suit

against him does not offend traditional notions of fair play and substantial justice.  D'Jamoos, supra, citing International Shoe Co. v. Washington, 329 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: general and specific.  Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 300 (3d Cir. 2008).  General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state, whereas specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state.  Kehm, supra, citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 and n. 9 (1984).

In determining whether personal jurisdiction exists, a court must undertake a three part inquiry.  D'Jamoos, supra.  First, the defendant must have purposely directed his activities at the forum; second, the litigation must arise out of, or relate to, at least one of the defendant's activities; third, if the first two requirements are met, the court may consider whether the exercise of jurisdiction otherwise comports with the concepts of "fair play and substantial justice."  D'Jamoos, supra, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

When a defendant challenges a court's exercise of personal jurisdiction, the plaintiff bears the burden of establishing that personal jurisdiction exists.  D'Jamoos, supra, at 102.  However, he need only establish a prima facie case, and his allegations will be taken as true and factual disputes will be resolved in his favor.  Id.

II.     Discussion

Bolton is a fifty-percent shareholder, and an officer, of defendant Hygrosol Pharmaceutical Corporation.  Since Hygrosol moved to Newton, Pennsylvania, in 1999, Bolton has visited Pennsylvania a number of times for shareholder meetings.  He has also had telephonic

contact in Pennsylvania with defendant Spiro Spireas, the only other Hygrosol shareholder, to conduct Hygrosol business.  Bolton maintains, however, that these contacts – which appear to be his only contacts with Pennsylvania – are insufficient to confer this court with personal jurisdiction over him.

      Nevertheless, it is apparent that Bolton's actions in Pennsylvania were purposely taken in order to avail himself of the privilege of maintaining a corporation here.  It is also apparent that Bolton was actively involved in the various aspects of running Hygrosol.  He was not just a friend of Spireas's who had money to invest –  he, along with Spireas, is a chemist, and was in fact Spireas's advisor for his dissertation.  Deposition Excerpt, Deposition of Sanford Bolton, Ph.D., attached as Exhibit 1 to Plaintiff's Response, at 18.  Minutes of Hygrosol's annual meetings show that Bolton was the co-owner with Spireas of certain patents which later became the property of Hygrosol.  Annual Meeting Minutes, attached as Exhibit 2 to Plaintiff's Response, at 1998 Minutes.

      The minutes also show that Bolton was involved in business decisions regarding arrangements with URL/Mutual, some of which are the subject of this action, and that he benefitted from those business dealings.  Id. at 1998 and 2005 Minutes.  He was also involved in discussions on threatened and actual lawsuits.  Id. at 2006, 2007, 2008 and 2009 Minutes.  Although Bolton testified at his deposition that not all annual meetings took place in Newton, Pennsylvania, the minutes all reflect that the meetings were held there.  Exhibit 1 at 157.

      Kontonotas has, therefore, made a prima facie showing that Bolton has purposely directed his activities at Pennsylvania, and that this litigation arises out of, or relates to, his Hygrosol-related activities.

As Bolton points out, cases exist in which acts taken by a corporate officer in his corporate capacity are found to be insufficient to give a court personal jurisdiction over the individual officer.  In re DaimlerChrysler Securities Litigation, 247 F. Supp. 2d 579, 584-588 (D. Del. 2003); Overseas Partners, Inc. v. PROGEN Musavirlik v. Yonetim Hizmetleri, Ltd. Sikerti, 15 F. Supp.2d 47, 51 (D.D.C. 1998); Mates v. North American Vaccine, Inc., 53 F. Supp. 2d 814, 821 (D. Md. 1999); Birrane v. Master Collectors, Inc., 738 F. Supp. 167, 169 (D. Md. 1990).

None of these cases is binding here.  Just as important, it is also unclear how relevant they are to this case.  They all consider a defendant's contacts in the forum state with an in-state plaintiff.  Here, Bolton's contacts are with his own corporation.

To the extent that the cases are relevant, they are dissimilar to this case in other ways. The DaimlerChrysler case, while decided within the Third Circuit, involved a giant corporation with many officers.  Bolton, by contrast, is one of only two officers of Hygrosol, and a co-developer of the intellectual property owned by the corporation.

Birrane, moreover, is a case in which the corporate officer had no personal contacts at all with the forum state; the court rejected the plaintiff's effort to impute corporate activity to the officer.  In this case, by contrast, it is undisputed that Bolton himself traveled to Pennsylvania and had telephonic contacts in this state as part of operating a corporation here.  In Calder v. Jones, the Supreme Court of the United States wrote:

> Petitioners [residents of Florida] are correct that their contacts with California are not to be judged according to their employer's activities there.  On the other hand, their status as employees does not somehow insulate them from jurisdiction.  Each defendant's contacts with the forum State must be assessed individually.

465 U.S. 783, 790 (1983).

4

Thus Bolton, like the Calder petitioners, is not insulated from personal jurisdiction by his corporate status. Instead, his contacts with Pennsylvania should be assessed individually.[1] This assessment legitimately includes consideration of Bolton's degree of control over Hygrosol, and the extent to which he stood to gain personally from his contacts in Pennsylvania.

In Pioneer Commercial Funding Corporation v. Norick, 2006 WL 3354141 (E.D. Pa. Nov. 17, 2006), the Honorable Eduardo C. Robreno wrote:

> Norick argues that his contacts with Pennsylvania are irrelevant because those contacts were made in Norick's capacity as President of RNG and not as an individual. He cites for support of this argument the Eleventh Circuit case of Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 784 (11th Cir. 2004). In Club Car, the court held that personal jurisdiction existed in Georgia over a principal and primary shareholder who stood to gain financially as a result of his dealings in Georgia undertaken in his corporate capacity. Id. Here, Norick was a principal and primary shareholder of RNG and stood to gain financially as a result of the merger contemplated between RNG and [the plaintiff]. Club Car is not binding on the Court, but even if it was, it would dictate that personal jurisdiction is appropriate.

2006 WL at n. 3. Also see Ultimate Resource, Inc. v. Goss, 2000 WL 295107 (E.D. Pa. Mar. 17, 2000) (exercising jurisdiction over individuals who, "as Presidents of their respective corporations, actively oversaw the operations of their corporations as they had repeated contact with and received significant benefits from [a Pennsylvania plaintiff]", and citing CFTC v. American Metal Exchange Corp., 693 F. Supp. 168, 188 (D.N.J. 1988) ("exercising personal jurisdiction over defendant who was shareholder, owner and director of corporation based on defendant's active oversight of corporation")).

---

[1] Kontonotas has argued at some length that the fiduciary shield doctrine has not been adopted in the Third Circuit or in Pennsylvania. This state-created doctrine automatically protects from personal jurisdiction an individual whose only contacts with the forum were taken in a corporate capacity. I agree with Kontonotas. It is clear from Calder that due process does not require such a doctrine. See Bragg v. Linden Research, Inc., 487 F. Supp. 2d 593, 602 (E.D. Pa. 2007); General Elec. Capital Corp. v. Alleco, Inc., 2001 WL 253840 at *3 (E.D. Pa. 2003); but see Schiller-Pfeiffer, Inc. v. Country Home Products, Inc., 2004 WL 2755585 (E.D. Pa. Dec. 1, 2004). Also, the fiduciary shield doctrine has never been used by Pennsylvania state courts. However, I do not believe this issue is in dispute, since Bolton has based his argument on a lack of contacts.

Here, as noted, Bolton had fifty percent ownership of Hygrosol, and appeared to exercise a significant degree of control over it. He also clearly profited from Hygrosol's activities, specifically from its relationship with URL/Mutual. Thus, these factors militate in favor of finding personal jurisdiction.

Finally, the exercise of personal jurisdiction over Bolton does not offend notions of fair play and substantial justice. Although Bolton is elderly, and would presumably prefer to winter in Arizona, he has a second residence in New Jersey where he could stay during this December trial. Indeed, he has not argued that defending an action here would be an undue burden, either physically or financially.

Accordingly, I will enter the following