IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE KONTONOTAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HYGROSOL PHARMACEUTICAL | : | |
| CORPORATION, et al. | : | NO. 07-4989 |

ORDER AND OPINION

JACOB P. HART                                                                    DATE: November 4, 2009
UNITED STATES MAGISTRATE JUDGE

  Defendants Hygrosol Pharmaceutical Corporation and Spiro Spireas have filed a Motion to Compel Discovery. In it, they seek certain documents associated with the deposition of Frank A. Chrzanowski, Ph.D., Kontonotas's expert witness, which Kontonotas withheld as privileged. They also seek to compel Dr. Chrzanowski to answer certain deposition questions. For the reasons set forth below, Defendants' motion will be dismissed as moot to the extent that Kontonotas has already produced most of the disputed documents, and granted as it pertains to the two remaining documents, and as to the deposition questions.

I.  Factual and Procedural Background

  On September 24, 2009, Defendants served a subpoena upon Dr. Chrzanowski, who had been identified by Kontonotas as a testifying expert. Among other things, the subpoena directed Dr. Chrzanowski to produce his entire file pertaining to the case; all documents he reviewed before formulating his opinions; all correspondence between him and Kontonotas or his counsel; and any documents provided by any person relating to this lawsuit. Subpoena, attached to Motion as Exhibit A.

Counsel for Kontonotas provided responsive documents, as well as a privilege log setting forth a number of documents which he claimed were not discoverable. Privilege Log, attached to Motion as Exhibit B. After some correspondence between counsel as to the legal basis for the withholding of the documents, Defendants informed Kontonotas that they intended to file a discovery motion.

Then, on October 19, 2009, Defendants deposed Dr. Chrzanowski. Deposition Excerpts, attached to Amended Motion as Exhibit H. Kontonotas's counsel instructed Dr. Chrzanowski not to answer any questions regarding meetings between him and Kontonotas and/or his attorneys, on the basis of attorney-client privilege. Id.

On October 22, 2009, Defendants filed this motion, to which Kontonotas has now responded. Kontonotas asserts in his response that he has now forwarded to Defendants most of the documents entered in the privilege log, although he still denies that they are discoverable. He has also stated that he agrees to reconvene Dr. Chrzanowski's deposition. However, he asks that the final two documents in the privilege log be protected; one as attorney work product, and the other under both the work product and the attorney-client privileges. He also asks that Dr. Chrzanowski's second deposition not be held at his expense, as Defendants have requested.

II.     Relevant Legal Standards

A.      The Federal Rules

In relevant part, the federal rule on required disclosure from a testifying expert reads:

> *Written Report*. Unless otherwise stipulated or ordered by the court, [disclosure of an expert witness] must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and]
>
> (ii) the data or other information considered by the witness in forming them [.]

Fed. R. Civ. P. 26(a)(2)(B).

In 1993, when the portion of Rule 26 set forth above was added, the Advisory Committee commented:

> The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – whether or not ultimately relied upon by the expert – are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Fed. R. Civ. Pr. 26, Advisory Committee Notes, 1993 Amendments.

Nevertheless, Fed. R. Civ. P. 26(b)(3) codifies the attorney work product privilege, stating that "ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."

Moreover, in Pennsylvania, the attorney-client privilege applies to a communication between an attorney and his client which relates to a fact of which the attorney was informed (a) by his client; (b) without the presence of strangers; and (c) for the purpose of securing legal opinion, advice or services. Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851, 862 (3d Cir. 1994). Significantly, the privilege must also have been asserted and not waived. Id.

The question therefore is whether, as the Honorable Carol Sandra Moore Wells put it, Rule 26(a)(2)(B) "trumps" the work product and attorney-client privileges. Bio-Tech Corporation v. Thermax, Inc., 2008 WL 356928 at *2 (E.D. Pa. Feb. 7, 2008). As to this, there is no agreement in this Circuit.

3

B.	Third-Circuit Law On Rule 26(a)(2)(B)

In Bogosian v. Gulf Oil Corporation, 738 F.2d 587 (3d Cir. 1984), the Court of Appeals for the Third Circuit reversed the decision of a district court which had permitted discovery from an expert of material which was otherwise privileged as attorney work product. The District Court had ruled that – given the tension between Rule 26(b)(3), and the expert witness discovery rule as it then existed – the attorney work product privilege must "give way." Id. at 590. The Court of Appeals disagreed. It decided that both rules could be accommodated by disclosing the facts contained in a document while redacting out the "core work product" of legal theory. Id. at 595-596.

Obviously, Bogosian was decided long before the 1993 amendment to Rule 26(a)(2)(B). Nevertheless, some courts considering Rule 26(a)(2)(B) cases have held that, whatever the Advisory Committee may have written, the rule set forth in Bogosian still controls in the Third Circuit. In re: Teleglobe Communications Corp., 392 B.R. 561 (Bkrtcy. D.Del. 2008); St. Mary's Area Water Authority v. St. Paul Fire & Marine Assurance Co., 2006 WL 1670281 (M.D. Pa. Jun. 25, 2006); Krisa v. Equitable Life Assurance Society, 196 F.R.D. 254 (M.D. Pa. 2000).

These courts have looked to In re: Cendant Corp. Securities Litigation, 343 F.3d 685, 665 (3d Cir. 2003), where, long after 1993, the Third Circuit Court of Appeals relied upon Bogosian. In that case, the Court of Appeals ruled that the protection provided by Rule 26(b)(3) to work product furnished to a *non*-testifying expert was greater than that afforded to such an expert generally, under Rule 24(b)(4)(B). 343 F.3d at 664-665. Although Cendant did not involve Rule 26(a)(2)(B), which is for *testifying* witnesses only, the cases cited above have reasoned that it reaffirmed the Bogosian principle that the work-product privilege is "not trumped by the need to disclose information contained in other provisions" of Rule 26. In re: Teleglobe, supra, at 577.

4

Other Rule 26(a)(2)(B) cases, decided in the Eastern District of Pennsylvania and elsewhere, however, have been decided differently. Quinn Construction, Inc. v. Skanska USA Bldg., Inc., – F.R.D. – , 2009 WL 3443400 (E.D. Pa. Oct. 26, 2009); F.T.C. v. Lane-Labs, USA, Inc., 2008 WL 4003927 (D.N.J. Aug. 25, 2008); Doe v. Luzerne County, 2008 WL 2518131 (M.D. Pa. June 19, 2008); Dyson Tech. Ltd. v. Maytag Corp., 241 F.R.D. 247 (D. Del. 2007); Synthes Spine Company, L.P. v. Walden, 232 F.R.D. 460 (E.D. Pa. 2005); Vitalo v. Cabot Corp., 212 F.R.D. 472 (E.D. Pa. 2002).

Most recently, the Honorable Mary A. McLaughlin presented a lengthy and thoughtful analysis of the issue in Quinn Construction, supra. She found that Bogosian and Cendant were not controlling:

> Neither Bogosian or Cendant answers the question here: whether giving material protected as attorney work product under Rule 26(b)(3) to a testifying expert, who is required to disclose that material to the opposing party under Rule 26(a)(2)(B), waives the work product protection. Neither case involves a party giving protected material to someone required to disclose it. In Bogosian, under the version of Rule 26 then in effect, a testifying expert was not under any obligation to disclose the information he or she considered in reaching an opinion; the then-existing version of the rule only made "the grounds" for the expert's opinion discoverable through interrogatories. Protected material given to a testifying expert under the pre-1993 version of Rule 26 would therefore not be automatically subject to disclosure. Similarly, in Cendant, the information at issue was never given to a testifying expert, who post-1993 would have had a duty to disclose it, but was in the possession of a non-testifying expert from whom it could be requested in discovery pursuant to Rule 26(b)(4)(B), but who had no duty of disclosure.

20009 WL 3443400 at *6.

Judge McLaughlin then relied upon the Advisory Committee note to Rule 26(a)(2)(B) in deciding that "when a party provides attorney work product to a testifying expert and that information is 'considered' by the expert and becomes subject to the disclosure requirements of

5

Rule 26(a)(2)(B), then the protection from disclosure ordinarily given to attorney work product is waived and the information must be disclosed." Id.

I agree with Judge McLaughlin that there is no controlling Third Circuit precedent. Obviously, the Bogosian opinion did not address the 1993 amendment to Rule 26(a)(2)(B), because it pre-dated the amendment. Cendant simply concerned a different federal rule pertaining to a different category of expert – a non-testifying consultant. Although the Cendant court cited Bogosian, a Rule 26(a)(2)(B) case, it did not comment in any way on the interaction between Rule 26(b)(3) and 26(a)(2)(B), and, of course, did not mention the Advisory Committee note.

I also conclude that the most natural reading of the plain language of Rule 26(a)(2)(B) and the Advisory Committee note suggests that a testifying expert witness has a duty to disclose *all* material "considered" by that expert. This means that the work product privilege and the attorney-client privileges are waived when privileged material is given by a party to its expert for "consideration.".[1]

III.    Discussion

A.      The Documents

The two documents at issue are, as described by Kontonotas in his privilege log, (1) an August 1, 2006, memorandum from attorney Derek J. Craig to attorney Rebecca Tapie regarding Kontonotas's potential legal claims against URL/Mutual (which is not a party to this action); and (2) a February 24, 2009, "analysis/strategy letter" from attorney Eugene Malady to Kontonotas. Privilege Log, supra. Since Defendants have not disputed that these documents are protected by

---

[1]This is also the conclusion reached by two federal courts of appeal. Regional Airport Authority of Louisville v. LFC, LLC, 460 F.3d 697, 715 (6th Cir. 2006); In re: Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375-76 (Fed. Cir. 2001).

the work product privilege and/or the attorney-client privilege, I will assume that they are so privileged.

As discussed above, I have concluded that any privilege these documents might have had was waived when they were furnished to Dr. Chrzanowski, providing that they were "considered" by him, as required by Rule 26(a)(2)(B). In this context, the word "considered" is broadly interpreted. The 1993 Advisory Committee note explains that it includes material not ultimately relied upon by the expert. In Vitalo, supra, the court referred to the Webster Dictionary definition of "consider", which included: "to reflect on: think about with a degree of care or caution; to think of, regard, or treat in an attentive, solicitous, or kindly way." 212 F.R.D. at *474. In Synthes, "considered" was defined as any information that an expert: "generates, reviews, reflects upon, reads, and/or uses" in connection with the formulation of his opinion. 232 F.R.D. at 462-463.

In Quinn, the expert asserted that he did not "analyze, utilize, consult or rely upon" the disputed document, but conceded that he had used it to "obtain an initial overview of some of the issues involved" with the litigation. 2009 WL 3443400 at *7. The court found that this use of the document for background information was included in the definition of "consider."

Here, unlike Quinn, there is no direct testimony from Dr. Chrzanowski on what he did with the two documents at issue. However, Kontonotas has not asserted in his response that Dr. Chrzanowski made no use of them, even though the issue was squarely raised in Defendants' Motion. Moreover, the very fact that the documents were provided to Dr. Chrzanowski, and included in his file, suggests that they were at least read for background on the legal issues in the case, as in Quinn. None of the unredacted portion of Dr. Chrzanowski's report, which was filed

7

under seal as Exhibit C to Defendants' motion, seems to rely on the disputed documents – however, since the report was quite heavily redacted, this is far from probative. On these facts, I will direct Kontonotas to produce the disputed documents to the defendants.

B.  The Deposition Questions

It is not clear whether Kontonotas still disputes Defendants' right to ask Dr. Chrzanowski questions at his reconvened deposition about the meetings between him and counsel for Kontonotas. The issue is not raised in Kontonotas's Response.

Nevertheless, for the sake of clarity, I will note that Dr. Chrzanowski should be expected to answer such questions. Although I have found that Cendant is not precedent regarding Rule 26(a)(2)(B), the Court of Appeals for the Third Circuit did explain in that case that intangible work product such as spoken communication is treated exactly the same as written communication in considering the interaction between the privilege sections of Rule 26 and the discovery sections. 343 F.3d 658, citing Hickman v. Taylor, 495 (1947). The same should be true of attorney-client privileged material.

However, I will not direct that the deposition be held at Kontonotas's expense. Given the unsettled state of the law surrounding the discoverability of privileged material supplied to an expert witness, it cannot be said that Kontonotas acted baselessly, or in some other way that would justify imposing a sanction upon him.

For the foregoing reasons, I now enter the following:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE KONTONOTAS : CIVIL ACTION
:
v. :
:
HYGROSOL PHARMACEUTICAL :
CORPORATION, et al. : NO. 07-4989

O R D E R

JACOB P. HART                                                    DATE: November 4, 2009
UNITED STATES MAGISTRATE JUDGE

O R D E R

AND NOW, this 4th day of November, 2009, upon consideration of Defendants' Hygrosol Pharmaceutical and Spiro Spireas's Motion to Compel Discovery, docketed as Document No. 111, and Plaintiff's response thereto, it is hereby ORDERED that the motion is

(a) DENIED AS MOOT with respect to documents already produced by Plaintiff to Defendants; and it is further ORDERED

(b) That the Motion is GRANTED with respect to the two remaining disputed documents and as to the disputed deposition questions; and it is further ORDERED

(c) That the Motion is DENIED with respect to Defendants' request that the reconvened deposition of Dr. Chrzanowski be at Plaintiff's expense.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
U.S. MAGISTRATE JUDGE